UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

KURTULUS K. KALICAN,            :
    Plaintiff,                  :
                                              PRISONER
V.                              :   Case No. 3:09-CV-1153(RNC)
CHRISTOPHER MILLER, et al.,     :
    Defendants.                 :

ORDER

    Plaintiff, a Connecticut inmate proceeding pro se, has commenced this action against members of the New London Police Department alleging that the defendants engaged in misconduct resulting in his conviction.

    Under 28 U.S.C. § 1915A (2000), a court must review prisoner civil complaints and dismiss any portion of the complaint that fails to state a claim on which relief may be granted.

    Plaintiff was convicted in Connecticut Superior Court after a jury trial of manslaughter in the first degree with a firearm, attempt to commit murder, assault in the first degree, carrying a pistol without a permit, and criminal violation of a protective order.  See State v. Kalican, 110 Conn. App. 743, cert. denied, 289 Conn. 949, 960 A.2d 1038 (2008).  In the complaint now before this Court, he presents claims against the police officers who were involved in the investigation and trial of his criminal case.  He describes his claims agaisnt these defendants as: "Breach of Duty, Badge of Fraud, Obstruction of Justice, Tampered

and Falsifying Evidence, Malicious act, Perjury, Corruption, Equal protection, Discrimination and Falsifying public record." Compl. at 7.  He seeks damages for corruption and fraud and an order to the Connecticut Supreme Court for "consideration for the case."  Compl. at 9.[1]

As support for his claims, plaintiff alleges that he was arrested on September 22, 2003, on Interstate 95.  Defendants Strecker and Kanaitis came to the scene.  Defendant Kanaitis arrested plaintiff for murder and asked him about the gun used in the murder.  Plaintiff's truck was searched.  Defendant Kanaitis again asked plaintiff about the gun and talked about his concern for public safety.  Plaintiff told him where to find the gun.  Plaintiff was taken to the New London Police Department and booked.  He refused to sign a waiver of rights form and was brought to a conference room.  Defendant Miller again informed plaintiff of his rights.  When plaintiff asked for an attorney, defendant Miller turned off the tape recorder and terminated the interview.  Plaintiff agreed to a gun shot residue test and his clothes were taken.  Plaintiff was given a hospital robe and placed in a holding cell.  Defendants Strecker and Kanaitis

---

[1] Plaintiff has filed two other federal cases against persons involved in his criminal case: Kalican v. Schimelman, No. 3:09cv1150 (RNC), against the trial judge, prosecutors and court personnel; and Kalican v. Turner, No. 3:09cv1154 (RNC), against Connecticut State Police personnel.  In all three cases, plaintiff has attached to the complaint the same sixty-page description of events from arrest through trial.

subsequently testified at a suppression hearing in the criminal case and again at the criminal trial. Defendant Miller also testified at the criminal trial. Plaintiff provides no allegations regarding defendants Pero and Meehan.

In essence, plaintiff is claiming that he was wrongly convicted due to misconduct on the part of the defendants. Any such claim must be dismissed for failure to state a claim on which relief may be granted. A state prisoner is not permitted to challenge the constitutionality of his conviction in a federal suit for damages under 42 U.S.C. § 1983 until the conviction has been overturned. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Perez v. Sifel, 57 F.3d 503, 505 (7th Cir. 1995)(section 1983 claim against police officers for conspiracy to procure conviction through perjury and falsifying evidence barred by Heck); Uhde v. Adams County, Wisconsin Sheriff's Office, No. 03-C-323-C, 2003 WL 23142254, at *5 (W.D. Wis. July 22, 2003) (cause of action under section 1983 for officer's fabrication of evidence barred by Heck); Sims v. Kernan, 29 F. Supp. 2d 952, 960 (N.D. Ind. 1998) (claims that defendants conspired to obtain defendant's conviction based on perjured testimony and falsified evidence barred by Heck).

Accordingly, the complaint is hereby dismissed without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a

claim on which relief may be granted.  The Clerk is directed to close the case.

So ordered this 20th day of August 2009.

                                            /s/ RNC
                                              Robert N. Chatigny
                                      United States District Judge